Lawrence E. Henke
David L. Vicevich
Vicevich Law
3738 Harrison Ave.
Butte, MT 59701
larry@vicevichlaw.com
dave@vicevichlaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BUTTE DIVISION**

| | |
|---|---|
| SCOTT PENTZER,<br><br>Plaintiffs,<br><br>v.<br><br>SECURED LAND TRANSFERS LLC D/B/A TITLEONE,<br><br>Defendant. | Case No.<br>CV-23-88-BU-BMM-JTJ<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Scott Pentzer, by and through his counsel of record, Lawrence E. Henke, and for her Complaint against Defendant TitleOne Operations LLC, asserts and alleges as follows:

**Parties**

1. Plaintiff Scott Pentzer was employed in Gallatin County at all times pertinent hereto.

2. Secured Land Transfers LLC is a Delaware limited liability company with its principal place of business at 3001 Leadenhall Road, Mount Laurel, NJ 08054.

3. Secured Land Transfers LLC does business in Montana under the assumed name of "TitleOne."

4. Secured Land Transfers LLC (hereinafter "TitleOne") can be served through its registered agent, Corporate Creations Network Inc., 1925 Grand Avenue #127, Billings, MT 59102.

## Venue and Jurisdiction

5. Venue is proper in the United States District Court for the District of Montana, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2).

6. This Court has personal jurisdiction over the parties to this lawsuit because all events took place within the Butte Division of the District of Montana.

7. This Court has subject matter jurisdiction over the Plaintiff's claims alleged in this Complaint because they involve federal statutes. 28 U.S.C. §§ 1331 and 1343.

## Background Facts

8. Scott Pentzer was previously employed by Secured Land Transfers LLC, which does business in Montana and the rest of the Pacific Northwest as TitleOne.

9. Mr. Pentzer was hired on November 12, 2020, as Sales Manager for TitleOne in Idaho.

10. In May 2022, Mr. Pentzer was promoted to Sales Manager for the Pacific Northwest territory, which included several offices in Washington and Idaho.

His promotion specifically involved opening the TitleOne office in Bozeman, Montana.

11. As part of the Bozeman Office build, Mr. Pentzer was directly involved with negotiating with Bozeman commercial property owners, dealing with Bozeman contractors, and recruitment and hiring of the Bozeman staff.

12. Mr. Pentzer was moving his family to Bozeman because of the promotion and his position to be the Montana Office executive.

13. In late December 2022 or early January 2023, Mr. Pentzer was at a TitleOne function for employees and while there for TitleOne, he was made aware of an incident of sexual harassment of another TitleOne female employee and the harassment involved two members of TitleOne senior management.

14. Mr. Pentzer learned of the sexual harassment from a TitleOne Vice President, Michelle Clark.

15. Mr. Pentzer spoke to his direct supervisor, TitleOne Senior Vice President Mike Hammer, who was also aware of the situation, and asked if it had been reported yet.

16. Mr. Hammer told Mr. Pentzer that he "would take care of it" or words to that effect.

17. Mr. Pentzer then contacted Human Resources directly and asked what his obligations were under company policy.

18. Mr. Pentzer was told by HR that it was his responsibility to report the incident, which he then did, by lodging a formal complaint with TitleOne HR head Melissa Zoulek on January 23, 2023.

19. Shortly after making the report to Human Resources, Mr. Pentzer was placed under intense scrutiny of his work by Logan Coulter, who had become Mr. Pentzer's supervisor the month before.

20. Mr. Coulter was also one of the members of senior management which Mr. Pentzer had reported as having sexually harassed the female employee who came to Pentzer and whom he reported to Zoulek.

21. Mr. Pentzer was threatened by his supervisor, Mr. Coulter, on January 31, 2023; he told Mr. Pentzer that if he did not leave the company of his own volition, that he (Coulter) would push Mr. Pentzer out with negative performance reviews. The phraseology was that Coulter would "performance him out" or words to that effect.

22. Mr. Pentzer reported Mr. Coulter's threat and retaliation to Human Resources that same day.

23. Shortly thereafter, Mr. Pentzer was retaliated against by TitleOne, when it inexplicably replaced him as the Team Leader in the Montana expansion with a less qualified person who was approximately 30 years old.

24. Mr. Pentzer was 43 years old at the time.

25. Despite years of productive service building new sales teams, Mr. Coulter penalized Mr. Pentzer for the growing pains of trying to increase sales at low-performing branches as part of his "perform him out" plan, but at the same time Coulter eliminated Pentzer's travel budget and did not allow him to go to these locations to improve performance on site.

26. After Mr. Pentzer's complaint, TitleOne claimed that the individual who replaced him as Team Leader in Bozeman, Ryden Meyer, was more qualified because his branch was the top location in the area.

27. That excuse was a mere pretext as that location was the best performing branch in the area before Ryden Meyer was in charge; he simply inherited a well-performing office.

28. As a result of his report of sexual harassment, Mr. Pentzer was critiqued unfairly and put under a microscope which made his work life unbearable. Terms and conditions of his employment were changed and worsened because he engaged in protected activity.

29. On March 23, 2023, Mr. Pentzer filed a Charge of Discrimination with the Montana Human Rights Bureau and the federal Equal Employment Opportunity Commission.

30. On September 15, 2023, the Montana Human Rights Bureau issued a Notice of Right to Sue letter to Mr. Pentzer

31. On October 23, 2023, the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter to Mr. Pentzer.

## CLAIMS AND CAUSES OF ACTION

### Count 1
### EMPLOYMENT RETALIATION
### U.S.C. 42 § 2000E, TITLE VII OF THE CIVIL RIGHTS ACT

32. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

33. TitleOne violated U.S.C. 42 §2000e, Title VII of the Civil Rights Act of 1964 as the employer of Mr. Pentzer by retaliating against him by putting him on a performance improvement plan and heavily scrutinizing his work in response to him filing a report with Human Resources regarding sexual harassment of a female employee by two senior managers.

34. As a direct and proximate result of the Defendant's unlawful and wrongful conduct Mr. Pentzer has suffered and will suffer in the future lost wages, lost fringe benefits, and other damages, in an amount to be proven at trial.

### Count 2
### EMPLOYMENT DISCRIMINATION – RETALIATION -- M.C.A. § 49-2-301

35. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

36. Under the Montana Human Rights Act, M.C.A. § 49-2-301, it is an unlawful discriminatory practice for a person, educational institution, financial institution,

or governmental entity or agency to discharge, expel, blacklist, or otherwise discriminate against an individual because the individual has opposed any practices forbidden under this chapter or because the individual has filed a complaint, testified, assisted, or participated in any manner in an investigation or proceeding under Chapter 49.

37. Mr. Pentzer, as was his obligation and right, reported to Human Resources the sexual harassment of a female colleague by two senior managers.

38. In response to the reporting, TitleOne engaged in retaliatory actions that interfered with or hampered the terms and conditions of his employment.

39. Mr. Pentzer engaged in acts of retaliation in violation of the Montana Human Rights Act, M.C.A. § 49-2-301, making the terms and conditions of his employment less desirable in retaliation for him reporting sexual harassment, retaliation, and discrimination.

40. As a direct and proximate result of the Defendant's unlawful and wrongful conduct Mr. Pentzer has suffered and will suffer in the future lost wages, lost fringe benefits, and other damages, in an amount to be proven at trial.

## Count 3
### WRONGFUL DISCHARGE – M.C.A. § 39-2-904(1)(c)

41. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

42. Mr. Pentzer was a full-time employee for TitleOne.

43. Mr. Pentzer was discharged.

44. The discharge was not for good cause, but rather based on pretextual reasons.

45. The discharge came as a result of Mr. Coulter's personal animosity toward Mr. Pentzer and retaliation for reporting sexual harassment as was his obligation under company policy.

46. Mr. Pentzer did not have a fair and reasonable opportunity to remain in his position of employment; rather, Mr. Coulter covered up his role in the sexual harassment by his hostile treatment and eventual termination of Mr. Pentzer.

47. The discharge has caused Mr. Pentzer to lose gainful employment, lost wages, loss of benefits, and costs associated with the pursuit of new employment.

## **Exemplary Damages**

48. Under 42 U.S.C. § 1981a(a)(2), a complaining party which brings a cause of action under 42 U.S.C. 12112 may recover compensatory and punitive damages as allowed in subsection (b).

49. 42 U.S.C.A § 1981a(b)(1) states, "a complaining party may recover punitive damages under this section against a respondent if the complaining party demonstrates that the respondent engaged in discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."

50. TitleOne's actions were done in reckless indifference to the protected rights of Mr. Pentzer.

51. Plaintiff is therefore entitled to punitive and compensatory damages under 42 U.S.C. § 1981a(a)(2).

## Attorney Fees

52. Mr. Pentzer is entitled to attorney fees and costs as the prevailing party in this matter according to M.C.A. § 49-2-512(3).

53. Mr. Pentzer is entitled to attorney fees and expert fees as the prevailing party in this matter according to 42 U.S.C. §2000e-5(k).

## Prayer for Relief

Wherefore, Plaintiff prays for relief as follows:

1. An award of damages for retaliating against Mr. Pentzer on the basis of his reporting of sexual harassment, in violation of 42 U.S.C. § 2000e-2;

2. Defendant acted with intent, knowledge and malice in retaliating against Plaintiff entitling Plaintiff to punitive damages under 15 U.S.C. § 6604;

3. An award of damages sustained due to TitleOne's retaliatory acts based on Mr. Pentzer's report of sexual harassment in violation of M.C.A. § 49-2-303(1)(a);

4. An award of costs for past, present, and future medical and counsel expenses related to TitleOne's actions and inactions;

5. An award of court costs and attorney fees;

6. An award of expert fees;

7. An award of punitive damages as permitted by law; and

8. For any other relief the Court deems just under the circumstances.

DATED this 1st day of December, 2023.

                                                /s/ *Lawrence E. Henke*_____
                                                Lawrence E. Henke
                                                Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiffs, by and through her counsel, and hereby demand a jury trial.

DATED this 1st day of December, 2023.

                                                /s/ *Lawrence E. Henke*_____
                                                Lawrence E. Henke
                                                Attorney for Plaintiff