# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| SCOTT PENTZER,<br><br>                Plaintiff,<br><br>v.<br><br>SECURED LAND TRANSFERS LLC<br>d/b/a TITLEONE,<br><br>                Defendant. | CV-23-88-BU-BMM<br><br>**ORDER** |

## INTRODUCTION

Defendant Secured Land Transfers LLC, d/b/a TitleOne ("TitleOne") filed a motion to dismiss on January 11, 2024. (Doc. 10). Plaintiff Scott Pentzer ("Pentzer") opposes TitleOne's motion. (Doc. 13.) The Court conducted a motion hearing on April 4, 2024. (Doc. 25.)

## FACTUAL BACKGROUND

This case arises from a former employment relationship between Pentzer and TitleOne. Pentzer asserts that TitleOne hired him as a sales manager in Idaho. (Doc. 1 at 2.) Pentzer was subsequently promoted to sales manager for the Pacific Northwest territory, including offices in Washington and Idaho. (*Id.*) Pentzer states

that he was charged with opening a TitleOne office in Bozeman, Montana as part of his duties. (*Id.* at 2-3.)

Pentzer alleges that he was made aware of an instance of sexual harassment by two members of TitleOne management against a TitleOne female employee in December 2022 or January 2023. (*Id.* at 3.) Pentzer learned of his responsibility to report to alleged sexual harassment under TitleOne company policy. Pentzer filed a formal complaint with TitleOne Human Resources on January 23, 2023. Pentzer claims that his supervisor, Logan Coulter ("Coulter"), began threatening Pentzer after he filed the formal complaint. Coulter allegedly told Pentzer that if he did not voluntarily leave TitleOne, Coulter would push him out using negative performance reviews and reduced job duties. (*Id.* at 4.)

Pentzer alleges that he was subsequently removed from his role as the team leader in the Montana TitleOne expansion and replaced by a less qualified person. (*Id.* at 4.) Pentzer claims further that TitleOne management eliminated his travel budget, and, as a result, he was unable to travel to low-performing branches to assist them. (*Id.* at 5.) Pentzer asserts that his supervisors unfairly critiqued his performance and that his work life became unbearable due to the alleged retaliation for reporting the sexual harassment. (*Id.*)

Pentzer brings claims for employment retaliation, in violation of 42 U.S.C. § 2000E and Title VII of the Civil Rights Act, employment discrimination and

retaliation in violation of Mont. Code Ann. § 49-2-301, and wrongful discharge, in violation of Mont. Code Ann. § 39-2-904(1)(c). Pentzer seeks compensatory and punitive damages, in addition to attorney fees and costs.

## LEGAL STANDARD

Fed R. Civ. P. 12(b)(3) provides that a party may assert a defense of improper venue. When venue is challenged the plaintiff bears the burden of demonstrating that the selected venue is proper for the action. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Title VII of the Civil Rights Act provides that venue is proper in the following circumstances:

1) in any district where the challenged employment practice was committed;
2) in the judicial district where the relevant employment records are maintained or administered;
3) in the judicial district where plaintiff would have been employed but for the practice; or
4) within the judicial district in which the respondent has their principal office.

*See* 42 U.S.C. § 2000e-5(f)(3). Title VII's special venue provision controls, even when the action includes non-Title VII claims. *Piedmont Label Co.*, 598 F.2d at 496.

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a claim or action where a party fails to state a claim upon which relief can be granted. A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) proves proper where the complaint either 1) fails to allege a cognizable legal theory; or 2) fails to allege sufficient facts to support a cognizable

legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). When considering a motion pursuant to Rule 12(b)(6), a court must accept as true all factual allegations set forth in the complaint and draw all inferences from the allegations in the light most favorable to the nonmoving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

## DISCUSSION

The Court will discuss first whether the District of Montana proves to be the proper venue for Pentzer's Title VII claim. The Court then will analyze whether Pentzer sufficiently has stated a claim under the Montana Human Rights Act ("MHRA"). The Court lastly will examine whether Pentzer's Wrongful Discharge from Employment Act ("WDEA") claim is barred.

### I. Whether the District of Montana proves to be the proper venue for Pentzer's Title VII claim.

Title VII's venue provisions provides that venue is proper "3) in the judicial district where plaintiff would have been employed but for the [unlawful] practice." *See* 42 U.S.C. § 2000e-5(f)(3). Courts have interpreted this basis for venue as providing for only one proper venue. *See e.g., James v. Booz-Allen*, 227 F.Supp.2d 16, 23 (D. D.C. 2002). Courts repeatedly have declined to find proper venue in locations of temporary work for white-collar employees. *See id.* at 23-24; see also *Balunsat v. Stugart*, 1990 WL 91060 (D. D.C. June 20, 1990); *Mayberry v. Int'l Bus.*

4

*Machines Corp.*, No. CV09-1369 CW, 2009 WL 1814436, at *1 (N.D. Cal. June 25, 2009).

Pentzer claims that he would have moved to Bozeman, Montana to head the Bozeman TitleOne office. (Doc. 13 at 2.) Pentzer further asserts that he spent a total of 17 days in Bozeman in 2022 while setting up the Bozeman TitleOne office and making arrangements to move. (*Id.*) Pentzer swears that he took "numerous steps to set up the Bozeman office and relocate my family to Bozeman, indicating my intention to work [in Bozeman] for TitleOne." (Doc. 13-1 at 4.)

This action proves distinguishable from similar Title VII actions brought by white-collar workers because Montana did not represent a temporary workstation to Pentzer. For example, in *James*, 227 F. Supp. 2d at 24, the district court declined to conclude that the District of Columbia served as the proper venue where the plaintiff temporarily had relocated to the District of Colombia for approximately six weeks. The plaintiff's temporary relocation, coupled with their argument that they would have been appointed to work in the District of Columbia based on their predecessor subsequently being appointed to the District of Columbia after the plaintiff's termination, failed to support Title VII's special venue prong. *Id.*

Pentzer argues that this action proves more akin to *Grubb v. BNSF Ry. Co.*, No. CV 19-50-BLG-SPW-TJC, 2020 WL 6136379, at *4 (D. Mont. May 26, 2020), report and recommendation adopted, No. CV 19-50- BLG-SPW, 2020 WL 5056578

(D. Mont. Aug. 27, 2020.) The Montana district court agreed with U.S. Magistrate Judge Cavan's conclusion that the plaintiff in *Grubb* would have worked in Montana but for the alleged employment discrimination. No. CV 19-50-BLG-SPW, 2020 WL 5056578 at *4. The Court recognizes that the plaintiff in *Grubb* was not a white-collar worker, but rather worked as a track laborer on a mobile tie gang. *Id.* The Court, though mindful of the differences between the manual labor of the plaintiff in *Grubb* and the allegations in this action, determines that *Grubb* proves instructive. Pentzer took steps to set up and operate the TitleOne office, and the TitleOne office continued to operate even after Pentzer suffered the alleged retaliation. The Court determines that Pentzer has fulfilled Title VII's special venue provision and that the District of Montana proves to be the proper venue for Pentzer's Title VII claim.

**II.      Whether Pentzer sufficiently has stated a claim under the MHRA.**

TitleOne contends that Pentzer cannot assert a cause of action under the MHRA because Pentzer was not a Montana employee during the relevant time alleged in the complaint. (Doc. 11-1 at 10-12.) Mont. Code. Ann. § 49-2-301 provides in pertinent part:

> It is an unlawful discriminatory practice for a person, educational institution, financial institution, or governmental entity or agency to discharge, expel, blacklist, or otherwise discriminate against an individual because the individual has opposed any practices forbidden under this chapter or because the individual has filed a complaint, testified, assisted, or participated in any manner in an investigation or proceeding under this chapter.

A plaintiff must demonstrate the following elements to establish a prima facie case for retaliation: 1) that they engaged in a protected activity; 2) that they were thereafter subject to an adverse employment action by their employer; and 3) that a causal link existed between the protected activity and the employer's action. *NorVal Electric Cooperative Inc. v. Lawson*, 523 P.3d 5 (Mont. 2022); *Bollinger v. Billings Clinic*, 434 P.3d 885 (Mont. 2019).

The parties concede, and the Court recognizes, that there exist few cases applying the MHRA to workers outside Montana. (*See* Doc. 13 at 10); (Doc. 22 at 10-11.) Though not directly on point, the Court views as persuasive the Montana Supreme Court's analysis in *Burchett v. MasTec N. Am., Inc.*, 93 P.3d 1247, 1252 (Mont. 2004), and the Eleventh Judicial District, Flathead County, state district court's analysis in *Barber v. Bradford Aquatic Group*, LLC, No. DV-23-028(E), 2023 WL 4317686, at *11 (Mont. Dist. Apr. 04, 2023).

Both *Burchett*, 93 P.3d 1247 and *Barber*, 2023 WL 4317686, concern conflict of law issues stemming from employment contracts. The Montana Supreme Court in *Burchett* determined that Montana law applied because the parties had agreed that income tax, unemployment insurance premiums, and wages were to be paid in Montana, among other relevant facts. 93 P.3d at 1250. The Montana Supreme Court further recognized that the plaintiff's residence was Montana because he provided

"ample evidence that he intended to return to Montana," even when the plaintiff traveled to other states for work. *Id.* at 1251.

Conversely, the Montana state district court in the Eleventh Judicial District, Flathead County, determined in *Barber*, 2023 WL 4317686 at *11, that venue in Montana was not proper. The Montana district state court recognized that the plaintiff was not a resident of Montana when he signed the employment contract at issue. *Id.* at *7. The employment contract instead indicated the place of performance as being Montana, Wyoming, Idaho, and other states. *Id.* The Montana state district court noted further that the employment agreement at issue contained a forum selection clause that applied North Carolina law. *Id.* at *10-11.

The Court determines that Pentzer's employment situation proves more akin to the plaintiff in *Barber*, 2023 WL 4317686, than to the plaintiff in *Burchett*, 93 P.3d 1247. Pentzer does not allege that he signed the agreement with TitleOne in Montana, and he does not allege that the adverse employment action occurred in Montana. Pentzer asserts that he visited Montana for approximately nonconsecutive 17 days in 2022. Pentzer does not claim that he was domiciled in Montana for any period relevant to this action. The Court determines that Pentzer cannot assert a claim under the MHRA because Pentzer was not employed in Montana during the period relevant to this action. Pentzer's MHRA claim will be dismissed.

8

### III. Whether Pentzer's WDEA claim is barred.

TitleOne contends that Pentzer fails to state a claim under the WDEA because the WDEA excludes claims with other remedies under federal or state anti-discrimination laws. (Doc. 11-1 at 12.) The WDEA provides no cause of action to a discharge:

> that is subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute. The statutes include those that prohibit discharge for filing complaints, charges, or claims with administrative bodies or that prohibit unlawful discrimination based on race, national origin, sex, as defined in 1-1-201, age, disability, creed, religion, political belief, color, marital status, and other similar grounds.

Mont. Code Ann. § 39-2-912.

Pentzer contends that his Title VII claim exists separate and independent from his WDEA claim. (Doc. 13 at 10.) The Court disagrees. Pentzer alleges in his complaint that TitleOne violated Title VII when it retaliated against him for reporting instances of sexual harassment by putting him on a performance improvement plan and heavily scrutinizing his work. (Doc. 1 at 6.) Pentzer claims relatedly that TitleOne violated the WDEA when he was discharged based on Coulter's personal animosity toward Pentzer for reporting instances of sexual harassment. (*Id.* at 8.) The gravamen of the complaint indicates that the alleged retaliation and wrongful charge stemmed from the sexual harassment reporting. *See Clark v. McDermott*, 518 P.3d 76, 82 (Mont. 2022). The Court determines that Pentzer's Title VII claim and WDEA claim stem from the same source and are based

9

on substantially the same facts. The WDEA's exception bars Pentzer's WDEA claim.

The Court additionally maintains concerns with applying Montana law to Pentzer's WDEA claim, even assuming that it is not barred. The Montana Supreme Court's analysis in *Harrington v. Energy W. Inc.*, 356 P.3d 441 (Mont. 2015), proves instructive. The Montana Supreme Court in *Harrington* determined that Ohio law applied in a wrongful discharge action where the employment agreement was made in Ohio, the plaintiff's supervisor was located in Ohio, and the majority of the plaintiff's duties were carried out in an Ohio office. *Id.* at 447. The Montana Supreme Court additionally recognized that the plaintiff came into contact with Montana only after being hired by the defendant in Ohio. *Id.* The Court determines that, even if Pentzer's WDEA claim is not barred by the existence of his Title VII claim, Pentzer likely cannot assert a WDEA claim under Montana law.

## ORDER

Accordingly, **IT IS ORDERED:**

1. TitleOne's motion to dismiss (Doc. 10) is **GRANTED IN PART**. Pentzer's MHRA and WDEA claims will be dismissed.

2. TitleOne's motion to dismiss (Doc. 10) is **DENIED IN PART**. The District of Montana proves to be the proper venue for Pentzer's Title VII claim

based on the conclusion that but for the alleged retaliation, Pentzer would have worked in Montana.

DATED this 29th day of April 2024.

_____
Brian Morris, Chief District Judge
United States District Court